TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264

NATHAN M. CLAUS
Assistant United States Attorney
Nevada Bar No. 15889
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-6787
Nathan.Claus@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| Robert Wayne Kerner,<br><br>Plaintiff,<br><br>v.<br><br>Liam Pisan,<br><br>Defendant. | Case No. 2:26-cv-00005-JAD-DJA<br><br>**Reply in Support of Defendant's motion to Dismiss**<br><br>**ECF No. 9** |

Defendant Liam Pisan ("Defendant" or "Mr. Pisan") submits this reply in support of his motion to dismiss Plaintiff Robert Wayne Kerner's Complaint (ECF No. 1-2) for failure to state a claim upon which relief can be granted under Rule 12(b)(6). ECF No. 9.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

Kerner has failed to rebut Defendant's motion to dismiss, and his claims fail as a matter of law. Kerner has not shown a basis to expand *Bivens* to a new context involving alleged litigation-related conduct by a federal employee. Kerner's cannot dispute that his complaint failed to plead facts sufficient to state any plausible constitutional violation, instead he once again relies on conclusory allegations and generalized grievances with the Government's handling of his FTCA (*Kerner v. United States Veterans Affairs Medical Center*, Case No. 2:23-cv-01872-JAD-MDC). Lastly, Kerner has failed to disprove that Defendant

is entitled to qualified immunity because Kerner has not shown that he has alleged the violation of any clearly established constitutional right.

**II. Kerner misapplies Rule 12(b)(6)'s standard**

Kerner argues that since Defendant's motion is supported by "matters outside the pleadings and the Court has issued the *Klingele/Rand* notice, the Court must treat the motion as one for summary judgment and consider the evidence Plaintiff submits." ECF No. 11 at 2. However, Kerner does not expressly say what matters outside of the pleading that he objects to. *Id*. On a motion to dismiss, a court may take judicial notice of "matters of public record." *See Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Moreover, "courts routinely take judicial notice of documents filed in other courts . . . to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). The effect of taking judicial notice of documents filed in other courts, however, is limited. "On a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (quoting *South Cross Overseas Agencies v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426-27 (3rd Cir. 1999)).

The only matters outside the pleading that Defendant refers to are pleadings made in Kerner's other case, *Kerner v. United States Veterans Affairs Medical Center*, Case No. 2:23-cv-01872-JAD-MDC. ECF No. 9 at 3:3-4:25. Further these references are only made to provide a "backdrop and reflects Plaintiff's effort to recast disputes arising from the handling of his FTCA medical-malpractice claim." *Id.* at 4:20-21. Thus, these references fall within the purview of the court under judicial notice and do not change this motion to one for summary judgment.

Kerner attempts to submit two exhibits as an attempt to create "genuine issues of material fact." ECF No. 11 at 2. In general, a motion to dismiss made pursuant to Rule 12(b)(6) must be treated as a motion for summary judgment under Rule 56 if either party to

the motion to dismiss submits materials outside the pleadings in support of, or opposition to, the motion, and if the court relies on those materials. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, the Court has discretion either to consider or reject such evidence. *Swedberg v. Marotzke*, 339 F.3d 1139, 1143-46 (9th Cir. 2003) (where a district court does not rely on the materials submitted outside the pleadings, a motion to dismiss need not be converted into a motion for summary judgment). If a court converts a motion to dismiss into a motion for summary judgment, the court must give the parties notice and a reasonable opportunity to supplement the record. *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1408 (9th Cir. 1995). However, Kerner's exhibits do not require the court to look at them since Defendant's motion is entirely based the face of this complaint with the history of Kerner's prior filings. Exhibit A appears to be copies of a judicial complaint that Kerner has filed at the Nineth Circuit. ECF No. 11-1. Exhibit B appears to be receipts of postal delivery for a demand letter and the small claims complaint. ECF No. 11-2. This court should exercise its discretion and rule on the motion to dismiss without any reliance on these documents since the existence of these documents would not affect the underlying motion.[1]

**III. Kerner does not have a Valid Bivens Claim**

Kerner argues that *Christopher v. Harbury*, 536 U.S. 403 (2002) allows for him to proceed on a Bivens claim related "intentional interference with court access." ECF No. 11 at 3. However, the *Christopher* court, in a footnote, state that "[t]he petitioners did not challenge below the existence of a cause of action under *Bivens […]* and we express no opinion on the matter in deciding this case." *Christopher*, 536 U.S. at 412, Fn6. Kerner's reliance on this authority is misplaced considering current case law from the Nineth Circuit. *See Vega v. United States*, 881 F.3d 1146, 1152-55 (9th Cir. 2018) (no Bivens action for First Amendment access to courts claim or Fifth Amendment procedural due process claim).

---

[1] Alternatively, if this Court considers these exhibits, Defendant requests an opportunity to provide its own exhibits to show that Kerner does not have a claim here.

Kerner does not dispute the various cases cited by Defendant in his motion, ECF No. 9 at 8:6-24, to support Defendant's position that no new *Bivens* claim exists here. *See generally* ECF No. 11. Nor does Kerner dispute Defendant's analysis of the two prongs of whether there is a cause of action here under *Bivens*, ECF No. 9 at 8:25-11:15, as discussed by Defendant in their motion. *See generally* ECF No. 11. Thus, Kerner's claim under *Bivens* fails on its face and should be dismissed.

## IV. Qualified Immunity Bars Kerner's Claim

Kerner seeks to overcome qualified immunity by arguing that "Plaintiff alleges specific acts—sending demand letters that were delivered and ignored, and perpetuating false narratives that delayed the FTCA case." ECF No. 11 at 4. Kerner then attempts to argue that he has not made generalized allegations because he has identified specific dates that Defendant received demand letters, proof that Defendant did not respond, and "Concrete injury (delayed adjudication, emotional distress, and financial harm)." *Id.* However, this argument fails as well because Kerner fails to state any series of facts he can prevail on since he has not explained the concrete injury he has occurred.

Kerner cites to two cases to show that the right he is claiming here was clearly established: *Bounds v. Smith*, 430 U.S. 817 (1977) and *Christopher v. Harbury*, 536 U.S. 403 (2002). However, those cases are not persuasive for Kerner's argument. *Bounds's* holding requires state run prisons to provide adequate law libraries and support to offenders so that offenders are able to prosecute their cases. *Bounds*, 430 U.S. at 828-829. *Christopher's* holding was that a widow of a "foreign dissident" who sued defendant federal government officials, alleging inter alia that the officials' concealment of information denied the widow access to the courts which could have saved the dissident's life, failed to state a claim on which relief could be granted. *Christopher*, 536 U.S. at 410-412. Here, the vaguely pleaded allegations of Kerner's complaint do not place someone on notice that the alleged conduct violated a clearly established constitutional right, especially when Kerner has failed to explain what specific charm harm he suffered because of the claims here. Thus, Kerner has failed to rebut qualified immunity here.

## V. Conclusion

For all of the foregoing reasons, Kerner's claims fail as a matter of law. Kerner has not rebutted Defendant's argument that Kerner's attempt to expand *Bivens* to a new context involving alleged litigation-related conduct by a federal employee is not a valid basis for relief. Kerner's Complaint fails to plead facts sufficient to state any plausible constitutional violation, relying instead on conclusory allegations and generalized grievances with the Government's handling of his FTCA case. Finally, Defendant is entitled to qualified immunity because Kerner has not shown that he has alleged the violation of any clearly established constitutional right.

Accordingly, Defendant respectfully requests that the Court dismiss the Complaint in its entirety with prejudice and enter judgment in Defendant's favor.

Respectfully submitted this 2nd day of March 2026.

TODD BLANCHE
Deputy Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney

*/s/ Nathan M. Claus*
NATHAN M. CLAUS
Assistant United States Attorney