**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| Robert Wayne Kerner,<br><br>      Plaintiff<br><br>v.<br><br>Liam Pisan,<br><br>      Defendant | Case No.: 2:26-cv-00005-JAD-DJA<br><br>**Order Granting Motion to Dismiss and Closing Case**<br><br>[ECF No. 9] |

Pro se plaintiff Robert Wayne Kerner sues Liam Pisan, a paralegal at the United States Attorney's Office for the District of Nevada, for due-process violations presumably related to Kerner's separate Federal Tort Claims Act action against the Department of Veterans Affairs.[1] He brings his claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,[2] a Supreme Court case that allows plaintiffs to sue federal officers for violations of constitutional rights in limited circumstances. Pisan moves to dismiss the case, contending that *Bivens* has been severely limited by subsequent Supreme Court cases, and Kerner's claims do not fit into the narrow openings that the High Court has left for lawsuits against federal employees. Because Kerner cannot bring his due-process claims under *Bivens* and no set of facts would change that conclusion, I grant that motion and close this case.

**Discussion**

**A.     Courts are discouraged from extending *Bivens* to new contexts.**

The *Bivens* doctrine is the federal-official equivalent to suing state officials for monetary damages for constitutional violations under 42 U.S.C. § 1983. In *Bivens*, the Supreme Court

---

[1] ECF No. 1-2; *see also Kerner v. U.S. Veteran Affairs Med. Ctr.*, 2:23-cv-01872-JAD-MDC.

[2] *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

recognized the right to sue federal officials for violations of Fourth Amendment rights related to unconstitutional searches and seizures.[3]  In two subsequent cases, the Supreme Court recognized the right to sue federal officers for due-process violations related to workplace discrimination[4] and for Eighth Amendment violations based on the failure to provide adequate medical care to federal inmates.[5]  But in recent years, the Supreme Court has severely limited *Bivens* to the causes of action raised in those three cases.  In *Ziglar v. Abbasi*, the High Court acknowledged that "expanding the *Bivens* remedy" beyond the circumstances affirmatively recognized by its own previous cases "is now a disfavored judicial activity."[6]

The *Ziglar* Court implemented a two-part inquiry to determine whether a case may be brought under *Bivens*.  First, "courts must determine whether the plaintiff is seeking a *Bivens* remedy in a new context."[7]  "If the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court, then the context is new."[8]  To determine whether a context is new, courts may consider:

> the rank of the officers involved, the constitutional right at issue, the generality or specificity of the official action, the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted, the statutory or other legal mandate under which the officer was operating, the risk of disruptive intrusion by the Judiciary into the functioning of other branches, or the presence of potential special factors that previous *Bivens* cases did not consider.[9]

---

[3] *See generally id.*

[4] *Davis v. Passman*, 442 U.S. 228, 248–49 (1979).

[5] *Carlson v. Green*, 446 U.S. 14, 17–19 (1980).

[6] *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017).

[7] *Lanuza v. Love*, 899 F.3d 1019, 1023 (9th Cir. 2018) (citing *Ziglar*, 582 U.S. at 139).

[8] *Ziglar*, 582 U.S. at 139.

[9] *Id.* at 140.

If the case falls within a previous *Bivens* context, then the claim may proceed. But if it doesn't, the court "must then ask whether there 'are special factors indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed.'"[10] "If there are alternative remedial structures" that Congress or the Executive Branch created to provide a remedy, "that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action."[11] Existing remedies need not "provide complete relief"—the court "must ask only whether it, rather than the political branches, is better equipped to decide whether existing remedies should be augmented by the creation of a new judicial remedy."[12] The court must put a thumb on the scale in favor of leaving the creation of a damages remedy to Congress. "If there is even a single reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy."[13]

**B.    Kerner's case presents a new *Bivens* context that this court cannot recognize.**

Kerner's complaint alleges that Pisan, as an employee of the U.S. Attorney's Office, "engaged in obstruction, fabrication, and refusal to respond to lawful notices" in violation of his due-process rights.[14] He also accuses Pisan of "perpetuat[ing] false and medically impossible

---

[10] *Watanabe v. Derr*, 115 F.4th 1034, 1038 (9th Cir. 2024) (quoting *Egbert v. Boule*, 596 U.S. 482, 492 (2022)).

[11] *Egbert*, 596 U.S. at 493.

[12] *Id.* (cleaned up).

[13] *Id.* at 492 (cleaned up).

[14] ECF No. 1-2 at 2.

3

narratives in federal proceedings" and "extend[ing] a pattern of delay and intimidation."[15]  He seeks $10,000 in damages and a civil judgment.[16]

Kerner's claim "bear[s] little resemblance"[17] to the three claims that the Supreme Court has recognized under *Bivens*.  In response to Pisan's dismissal motion, Kerner characterizes his claim as one "involving intentional interference with court access" and contends that the court recognized a *Bivens* right of action for those types of claims in *Christopher v. Harbury*.[18]  But the *Christopher* Court explicitly noted that "[t]he petitioners did not challenge below the existence of a cause of action under *Bivens*" and declined to express any opinion on whether such a right existed.[19]  The Supreme Court has not recognized a *Bivens* claim against someone in Pisan's official rank (paralegal) specifically or against employees of the U.S. Attorney's Office generally.  Nor has it explicitly recognized a due-process or First Amendment access-to-courts claim against federal prosecutors or other DOJ employees.  So I conclude that this is a new *Bivens* context.

The existence of alternative remedial structures is reason enough not to create a *Bivens* remedy in this case.  "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence" for employees to avoid misconduct, "the courts cannot second-guess that calibration by superimposing a *Bivens* remedy."[20]

---

[15] *Id.*

[16] *Id.*

[17] *Ziglar*, 582 U.S. at 140.

[18] *Christopher v. Harbury*, 536 U.S. 403 (2002).

[19] *Id.* at 412 n.6.

[20] *Egbert*, 596 U.S. at 498.

Here, the Department of Justice (DOJ) Office of the Inspector General is required by statute to receive and investigate complaints alleging civil-rights and civil-liberties abuses by DOJ employees, including employees of the U.S. Attorney's Office.[21]  The DOJ Office of Professional Responsibility is also tasked with investigating accusations of litigation misconduct and ethical violations by DOJ attorneys.[22]  Separation-of-powers principles suggest that Congress is better suited to determine whether additional remedies should be available to citizens who complain of litigation misconduct and civil-rights violations by DOJ employees.  So I decline to create a new *Bivens* remedy extending to Kerner's claims, and I grant Pisan's motion to dismiss.

I've also independently considered whether Kerner should be granted leave to amend his complaint under these circumstances.  Though acknowledging the Ninth Circuit's instruction to grant leave liberally when justice requires, I find that Kerner could not plead a set of facts arising from the same actions that would bring this case into the *Bivens* fold.  The basis of the claim itself—a due-process violation involving interference with court access—cannot be maintained under *Bivens*.  Even if Kerner could add facts to flesh out his thin complaint, those facts would not change my conclusion that the law does not recognize the legal claim he seeks to bring.[23]  So Kerner's complaint is dismissed without leave to amend, and I close this case.

---

[21] USA PATRIOT Act, Pub. L. 107-56, § 1001; *see Egbert*, 596 U.S. at 497 (finding that the court could not create a new *Bivens* remedy because the government agency at issue was required to "investigate alleged violations of the standards for enforcement activities and accept grievances from any persons wishing to lodge a complaint" (cleaned up)); *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (declining to extend *Bivens* because plaintiffs had alternative remedies available, "including suits in federal court for injunctive relief and grievances filed through" the federal agency's administrative remedy program).

[22] *See* ECF No. 9 at 10.

[23] Kerner contends that Pisan's dismissal motion should be converted into one for summary judgment and attaches exhibits that he contends the court "must consider before granting dismissal." ECF No. 11 at 2.  Kerner does not explain why this court "must" consider extrinsic

## Conclusion

IT IS THEREFORE ORDERED that Liam Pisan's motion to dismiss **[ECF No. 9] is**

**GRANTED.**  Kerner's complaint is dismissed because he fails to state a *Bivens* claim and cannot

do so in these circumstances.  **The Clerk of Court is directed to CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
July 7, 2026

---

evidence on a motion to dismiss.  But even if I were to consider Kerner's evidence, which consists of "ignored emails and notices" and "pre-suit demand letters" that Kerner sent Pisan, ECF No. 11 at 2, my analysis would not change because nothing in those exhibits demonstrates that this is the type of case to which *Bivens* should extend.